# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN HASTINGS,<br><br>Plaintiff(s),<br><br>v.<br><br>ELVIN GARRY GRUNDY III, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1595 JCM (PAL)<br><br>ORDER |

Presently before the court is plaintiff John Hastings' motion to transfer venue. (ECF No. 9). Defendant has not responded, and the time for doing so has since passed.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Similarly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).

Plaintiff asks this court to transfer this case to the Central District of California. (ECF No. 9). Plaintiff notes that Magistrate Judge Leen's screening order informed plaintiff (who represents himself *pro se*) of jurisdictional defects that prevent this court from exercising personal jurisdiction over defendant in this case. *Id.* Plaintiff requests that this court exercise its discretion and transfer the case instead of dismissing the case, as plaintiff believes the relevant statute of limitations has run on his claims and he will therefore be barred from bringing his claims if this court dismisses plaintiff's complaint. *Id.*

**James C. Mahan**
**U.S. District Judge**

1    A district court's decision on whether to transfer a case requires the court to conduct a case specific "consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A district court has broad discretion when determining whether to transfer venue pursuant to § 1404(a). *Id.*

In considering a motion to transfer venue under § 1404(a), the court may weigh a number of factors, including:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and, (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99. When considering these factors, courts employ a balancing approach, and no single factor is dispositive. *See Lens.com, Inc. v. 1-800 CONTACTS, Inc.*, 2:11-cv-0091-GMN-RJJ, 2012 WL 1155470, at *6 (D. Nev. Apr. 4, 2012).

Defendant has not opposed plaintiff's motion to transfer venue. Having considered plaintiff's complaint and the parties' filings, the court finds it appropriate to exercise its discretion and transfer venue in the instant case. On balance, considerations of convenience and fairness favor transfer instead of dismissal. *See Jones*, 211 F.3d at 498. Plaintiff's arguments are sufficiently compelling to warrant transfer of this action to the Central District of California. *See id.* at 498–99.

## I. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to transfer venue, (ECF No. 9) be, and the same hereby is, GRANTED, consistent with the foregoing.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS FURTHER ORDERED that the clerk shall immediately effect transfer of this case to
2  the United States District Court for the Central District of California.
3  DATED March 28, 2018.

_____
UNITED STATES DISTRICT JUDGE